961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHIGAN DEPARTMENT OF SOCIAL SERVICES, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, United States Department of
Health & Human Services, Defendant-Appellee.
 No. 91-1995.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1992.
 
 Before KENNEDY and BOGGS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's denial of a motion for relief from judgment under Rule 60(b)(2) and 60(b)(6), Fed.R.Civ.P. We affirm the district court's denial of relief from judgment because no extraordinary circumstance or newly discovered evidence was presented as required under Rule 60(b)(2) and (6).
 
 
 2
 * In the action below, plaintiff Michigan Department of Social Services ("MDSS") sought declaratory relief to invalidate a policy of the Secretary of the Department of Health & Human Services ("HHS" or "Secretary"). The policy prevents MDSS in some cases from appealing HHS's denials of Medicare coverage for recipients for whom MDSS has already paid Medicaid benefits. The district court dismissed the action, ruling that it did not have subject matter jurisdiction because MDSS has not exhausted administrative remedies and because the matter was not ripe under 42 U.S.C. §§ 1395ff and 405(g). MDSS did not appeal that ruling. Rather, it filed a motion for relief from judgment on April 1, 1991. The trial court denied this motion on July 26, 1991, finding no extraordinary circumstances or new evidence had been presented by MDSS that would warrant a reversal. MDSS appeals the denial of its motion.
 
 
 3
 This is a dispute between two governmental agencies, both of which provide public funds for medical care for aged patients in nursing homes. These patients are eligible for benefits under both Medicaid and Medicare. Medicare is the federally-funded health insurance program for the aged and disabled established by Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. The Secretary of HHS is responsible for the program's administration, which is carried out through the Health Care Financing Administration ("HCFA") and its agents. These agents, called "fiscal intermediaries," include insurance companies that are responsible for the routine administration of the Medicare program.
 
 
 4
 Medicaid, established by Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et seq., is a jointly-funded, cooperative federal-state program, which pays the costs of necessary medical expenses for recipients whose income and resources are insufficient to meet these costs. Under Medicaid, the state is required to determine if the service is covered by a liable third party, 42 U.S.C. § 1396(a)(25); 42 C.F.R. § 433.138(a), and may not make payments if it establishes that a probability that third party liability exists. Under state law, Mich.Comp.Laws. 400.106(b)(ii), when MDSS pays Medicaid benefits to a nursing home, it is subrogated to any claim the patient may have for reimbursement from a responsible third party, including Medicare. Thus, when Medicare should pay, MDSS may first pay under the Medicaid program, thus incurring state expense, and then recover from Medicare.
 
 
 5
 Medicare will cover the cost of extended skilled care at skilled nursing facilities ("SNFs" or "nursing homes"). The SNFs, applying the Medicare guidelines, make the first determination as to whether an individual patient's care is covered by Medicare. 42 U.S.C. § 1395(a)(2)(B); 42 C.F.R. § 424.20. Medicare will only cover nursing home patients who have just been released from a hospital and require a heightened level of care called "skilled care."
 
 
 6
 If the nursing home initially determines that Medicare does not cover the service provided to a particular patient, that patient must be notified, and may file an initial claim for benefits. See 42 C.F.R. §§ 424.32 and 424.34. If the beneficiary is "physically or mentally incapable" of making the claim, it may be signed by a legal guardian, relative, or "a representative of an agency or institution that did not furnish the services for which payment is claimed but furnished other care, services, or assistance to the beneficiary." 42 C.F.R. § 424.36. Claims must be filed on or before December 31 of the following year for services that were provided in the first nine months of a calendar year or they must be filed on or before December 31 of the second following year for services that were provided in the last three months of the calendar year. 42 C.F.R. § 424.44(a).
 
 
 7
 Broader coverage is provided by Medicaid, which will cover not only skilled care but also lower levels of care and which does not require a hospital stay prior to admission at the nursing home. It also offers benefits for longer periods of time. If a nursing home is not sure whether Medicare will cover a patient's stay, it may choose to file with Medicaid. If Medicaid pays, and Medicare coverage is ultimately established, the nursing home receives payment from HHS and then repays MDSS for the Medicaid payments it had previously received.
 
 
 8
 HHS policies and regulations restrict appeals of its Medicare determinations. The regulations provide that a Medicare beneficiary or the provider of the health care can take an administrative appeal, with judicial review, from a denial of Medicare coverage. 42 U.S.C. §§ 1395ff(b) and 405(b) and (g) (1982 & Supp.III 1985); 42 C.F.R. §§ 405.701-.750.
 
 
 9
 The HHS regulations also provide that a representative of the beneficiary, even the state, can pursue the appeal, if the beneficiary or next of kin has signed an authorization form. Ibid. It is this regulation that MDSS is challenging, arguing that HHS policy wrongly denies MDDS standing to pursue claims or appeals in its own name, as a subrogee of the beneficiary for whom it has paid Medicaid benefits.
 
 
 10
 The district court dismissed this action for lack of subject matter jurisdiction on the basis of MDSS's failure to exhaust administrative remedies:
 
 
 11
 Plaintiff has not alleged that any agency action has been taken in this matter; it does not claim that defendant has denied it the right to appeal Medicare denials. Rather it asserts that "plaintiff believes that H.H.S. will assert" that it is barred from claiming its subrogation rights.
 
 
 12
 J.A. at 35 (emphasis in original). While the district court acknowledged that MDSS had filed 10-11,000 claims with intermediaries through a state-funded legal program (Sixty Plus, Inc.), the court held that these initial filings did not constitute exhaustion of administrative remedies. No evidence was presented that the agency had taken any wrongful action against MDSS or, if they had, that any appeals had ever been made from these filings. MDSS did not appeal the district court's decision.
 
 
 13
 Instead, MDSS filed a motion for relief from judgment under Rule 60(b)(2) and (6), Fed.R.Civ.P. The district court denied MDSS's motion, holding that 1) MDSS had presented no new evidence that could not have been discovered in time to move for a new trial under Fed.R.Civ.P. 59(b); 2) the evidence was merely cumulative; and 3) no extraordinary circumstances warranted relief from judgment.
 
 II
 
 14
 Motions to deny relief from judgment under Fed.R.Civ.P. 60(b) are reviewed under an abuse of discretion standard. Davis by Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985). Abuse of discretion exists when the reviewing court has "a definite and firm conviction that the trial court committed a clear error of judgment." Amernational Industries, Inc. v. Electroexportimport, 925 F.2d 970, 975 (6th Cir.), cert. denied --- U.S. ----; 111 S.Ct. 2857 (1991) (citations omitted). The burden is on the appellant to prove that the district court abused its discretion. The appeal of a denial of a Rule 60(b) motion "does not bring up the underlying judgment for review." Peake v. First Nat'l Bank and Trust Co. of Marquette, 717 F.2d 1016, 1020 (6th Cir.1983) (citation omitted). A Rule 60(b) motion and an appeal from a ruling on such motion may not be used as a substitute for an appeal on the merits. See Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 15
 Under Rule 60(b)(2), Fed.R.Civ.P., a party may be relieved from a final judgment order based on newly discovered evidence, which, by due diligence, could not have been discovered in time to move for a new trial under Rule 59(b), Fed.R.Civ.P. Davis by Davis, 912 F.2d at 135. The moving party must demonstrate that it used due diligence to locate such evidence before trial, that the evidence is not merely cumulative, and that the evidence raises the possibility of a different result in a new trial. Griffin v. Federal Deposit Insurance Corp., 831 F.2d 799 (8th Cir.1987).
 
 
 16
 MDSS presented five documents in its motion for relief from judgment. The district court held that all of them failed to meet these standards for a successful motion for relief. The first document is a letter dated September 11, 1990, from the HHS Office of Hearings and Appeals, which stipulates that the ruling in New York State Department of Social Services v. Bowen, 846 F.2d 129 (2nd Cir.1988), will be followed only in appeals filed by the New York State Department of Social Services. The Bowen court held that the State had an appeal right as subrogee to the individual beneficiary's rights, while acknowledging that the Medicare law does not authorize a state to appeal denials of Medicare benefits. The district court failed to see the relevance of this document to this case and held that even if it was relevant, it could have been discovered earlier and that MDSS did not demonstrate due diligence in its discovery.
 
 
 17
 The second document, a letter from HHS's counsel to MDSS's counsel, dated January 10, 1991, was held to be cumulative. The district court found that the letter merely restated HHS's position, which was already known to the court, that HHS would permit appeals from MDSS as subrogee only if an authorization form had been signed by the beneficiary.
 
 
 18
 The third document is a letter from the Associate Regional Administrator for Region I to an attorney at the Center for Medicare Advocacy, Inc., which states HHS's position that Bowen only applies in the Second Circuit. The district court held that this letter also was not new evidence.
 
 
 19
 The fourth document is the affidavit of the executive director of Sixty Plus, Inc., with a copy of a Medicare Newsletter written by Blue Cross/Blue Shield attached. The affidavit affirms that intermediaries to which Sixty Plus had submitted claims were following instructions by the Secretary of HHS not to process claim forms signed by MDSS unless accompanied by an authorization form signed by the patient. The district court held that this "information does not change the fact that plaintiff has not exhausted its administrative remedies, and does not meet the criteria under Rule 60(b)(2)."
 
 
 20
 The fifth and final exhibit submitted by MDSS was a copy of a newsletter distributed by Health Care Association of Michigan, an association of nursing homes, which advised members not to honor requests signed by MDSS. The district court also held that this did "not constitute a basis for relief from the Court's final judgment."
 
 
 21
 We agree with the district court that none of these documents constituted "newly discovered evidence" as required under Rule 60(b)(2). At oral argument, it was asserted by MDSS that it did provide crucial new evidence: the newly presented and discovered fact that the intermediaries had failed to process any of the 10,000 claims filed by Sixty Plus on behalf of MDSS in the two months between the district court's initial decision and the hearing on the motion for relief. However, we conclude that this does not qualify as "newly discovered evidence," as this information was not new, but rather at the crux of the initial case. Based on the evidence before us, we cannot conclude that the district court abused its discretion by refusing to grant relief from judgment under Rule 60(b)(2). The issue of whether the plaintiff may have a colorable claim on the merits in this case is not before us. The district court's ruling and our affirmance have no preclusive effect on the merits, as they relate only to lack of subject matter jurisdiction. The claims may be raised again, after HHS's future action or inaction on the pending claims.
 
 III
 
 22
 As for the Rule 60(b)(6) motion, the district court has the discretion "to entertain an independent action to relieve a party from a judgment order, or proceeding" and may vacate a judgment "whenever that action is appropriate to accomplish justice." 11 Charles Wright & Arthur Miller, Federal Practice and Procedure, § 2864, at 211-12 (1973) (citing Klapprott v. United States, 335 U.S. 601, 614-15 (1949)). Because of the strong interest in finality of judgments, the court should only grant this motion in "extraordinary circumstances," Mallory v. Eyrich, 922 F.2d 1273, 1281 (6th Cir.1991), or under circumstances imposing "extreme hardship." United States v. Cirami, 563 F.2d 26, 33 (2nd Cir.1977) (citation omitted).
 
 
 23
 The district court rejected MDSS's argument that requiring it to exhaust administrative remedies would be futile and held that the prescribed administrative remedy was not waivable in this circumstance. The district court said that MDSS was "hypothesizing a scenario" and making "assumptions, throughout its 'scenario,' which are not supported by evidence in this case." On appeal, MDSS's basic contention is that the district court wrongly assumed that there is a reasonable likelihood that at some point in the administrative appeal process, HHS will make a factual record, apply its expertise, and correct its own errors so as to moot judicial controversies.
 
 
 24
 MDSS claims that the trial court did not review the facts that MDSS presented to establish that pursuit of an HHS administrative appeal would be futile. An HHS hearing only determines whether the beneficiary received covered skilled care. MDSS argues that the issue of whether MDSS had standing as a subrogee is a purely legal issue, so that no factual record could assist the district court. As noted at oral argument, the recent decision in Tataranowicz, et al., v. Sullivan, No. 91-5052, (D.C.Cir. March 13, 1992), lends some support to MDSS's claim of futility.
 
 
 25
 However, the merits of this case are not before us. In reviewing a denial of a Rule 60(b)(6) motion, we only review the district court's determination that extraordinary circumstances did not warrant relief from judgment. We hold that the district court did not abuse its discretion in making such a determination. MDSS presented no new evidence that indicated extraordinary circumstances. MDSS argues it could lose millions of dollars. However, since these claims have already been filed, they will not become moot under the statute of limitations. MDSS will be able to challenge any ruling made against it or any ultimate failure to rule on its claims.
 
 
 26
 We AFFIRM the district court's denial of the plaintiff's motion for relief from judgment under Rule 60(b)(2) and (6).