**Estle SMITH, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellee.**

**No. 84–5362.**

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 11, 1985.

Decided Nov. 15, 1985.

Alan C. Wagers, Smith & Carter, Harlan, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., for defendant-appellee.

Before MERRITT and CONTIE, Circuit Judges and WEICK, Senior Circuit Judge.

CONTIE, Circuit Judge.

Plaintiff Estle Smith appeals from the district court's order denying Smith's motion for relief from the district court's earlier judgment affirming the Secretary's denial of disability benefits. For the reasons below, we affirm.

## I.

Estle Smith applied for Social Security disability benefits on January 21, 1974. The application was denied and on September 11, 1975 the Appeals Council affirmed the denial. Smith then sought review in the district court of the Secretary's final decision, timely filing this action on November 10, 1975 pursuant to 42 U.S.C. § 405(g). On December 1, 1981, the district court granted the Secretary's motion for summary judgment, dismissing the case and affirming the Secretary's denial of Smith's claim for benefits. The district court noted in its order that Smith could file a motion to reinstate the case under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. The court further stated that any motion under Rule 60 had to be made within thirty days of the judgment, which the court deemed to be a reasonable time. The court also noted that a Rule 59 motion was required to be filed within ten days of the judgment.

On December 28, 1981, Smith filed a motion to extend the time to file a motion for reinstatement under Rules 59 or 60 to March 1, 1982. The court granted the extension. On March 22, 1982, Smith filed a second motion to extend the time to file for reinstatement to May 3, 1982. The district court also granted this motion for extension. On December 29, 1982, Smith filed a motion to submit late brief and at the same time tendered his brief in opposition to the Secretary's original motion for summary judgment. In support of the motion to submit late brief, Smith contended that

counsel originally had been unable to locate the transcript of the administrative hearing because it had been misfiled in counsel's office. As a result, counsel was allegedly unable to prepare and file a brief by the expanded deadline of May 3, 1982. On January 25, 1983 the district court granted the motion to file late brief.

On March 29, 1984, Smith filed a motion for relief from the district court's original judgment pursuant to Fed.R.Civ.Pro. 60(b)(1) and 60(b)(6).[1] Smith requested the court to consider the grounds stated therein as well as the brief and motion which had been submitted on December 29, 1982. On April 16, 1984, the district court entered a final order denying Smith's relief from the December 1, 1981 judgment. The court stated that based on Smith's late brief of December 29, 1982 the only ground for relief under Rule 60(b) would be excusable neglect on the part of counsel in losing the administrative hearing transcript. The court then noted that by the terms of Rule 60, a motion under 60(b)(1) based on excusable neglect must be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ. Pro. 60(b). Since the judgment was entered on December 1, 1981, the brief filed on December 29, 1982 was late and could not be considered by the court as a proper motion for reinstatement under Rule 60. On April 27, 1984, Smith filed a timely notice of appeal from this final order of the district court.

## II.

Smith claims that the district court abused its discretion in denying the motion for relief from the December 1, 1981 order. Smith bases this claim on two alternative arguments. Smith argues that the one-year limitation period for filing a Rule 60(b)(1) motion based on excusable neglect did not start until May 3, 1982. This date

is proposed because the district court had extended to that date the deadline it had originally imposed for filing a motion for relief from the December 1, 1981 order. In the alternative, Smith argues that the December 29, 1982 motion to file late brief could be construed as requesting relief under 60(b)(6) as well as 60(b)(1). Smith notes that the one-year limitation period does not apply to a motion under 60(b)(6) but that such a motion must only be made "within a reasonable time." Smith argues that the motion if construed as requesting relief under clause (6) was made within a reasonable time and that there were extraordinary circumstances upon which the district court could have granted relief under clause (6).

We are unpersuaded by either of Smith's arguments. We note that "[d]eterminations made pursuant to Fed.R.Civ.Pro. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion." *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980). Smith has failed to show that the district court abused its discretion and therefore we cannot disturb its judgment.

Smith's claim that the one-year limitation period for filing a motion under Rule 60(b)(1) did not begin until May 3, 1982, and therefore was still open when the December 29, 1982 motion was filed, is without merit. Fed.R.Civ.Pro. 60(b) clearly provides that a motion under clause (1) shall be made "not more than one year after the judgment, order, or proceeding was entered or taken." Fed.R.Civ.Pro. 6(b) also clearly provides that a court "may not extend the time for taking any action under Rule ... 60(b) ... except to the extent and under the conditions stated [therein]." Since the district court does not have the discretion to extend the period of limitation set forth

1. Rule 60(b) provides in pertinent part:
   On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

   neglect; ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

in Rule 60(b), the period during which relief for excusable neglect could have been requested began on December 1, 1981 when the judgment was entered and expired one year later. The motion filed on December 29, 1982 was therefore untimely and could not be considered as a request for relief under Rule 60(b)(1). Accordingly, the district court did not abuse its discretion in finding that the motion was outside of the limitation period.

■ Smith's claim that Fed.R.Civ.Pro. 60(b)(6) affords relief in this case is also without merit. In order to be successful on this claim, Smith has to show that the December 29, 1982 motion could be construed as seeking relief under Rule 60(b)(6), that it was timely, and that there existed sufficient extraordinary circumstances upon which the relief could be granted. We note that Rule 60(b)(6) provides relief for "any other reason justifying relief from the operation of the judgment." It has been suggested that the clause in (6) should only be applied where the other five clauses of Rule 60(b) do not apply. *Steinhoff v. Harris*, 698 F.2d 270, 276 (6th Cir.1983). That is, a Rule 60(b)(6) motion "must be based upon some reason other than those stated in clauses (1)–(5)." 7 *Moore's Federal Practice* ¶ 60.27[1] (2d ed. 1985). The December 29, 1982 motion focused exclusively on the misplaced transcript, which we noted earlier fell within the excusable neglect clause of Rule 60(b)(1). Since we interpret the request for relief as coming under clause (b)(1), clause (b)(6) would not apply. Accordingly, we conclude that the district court did not abuse its discretion in not considering the December 29, 1982 motion as a request for relief under clause (b)(6).

■ Smith did attempt to assert different grounds in the March 29, 1984 motion for relief from judgment to justify relief pursuant to Rule 60(b)(6). However, in order to be timely, a Rule 60(b)(6) motion must be made "within a reasonable time." The reasonable time standard has been interpreted to depend on the factual circumstances of each case. *Emergency Beacon Corp. v. Barr*, 666 F.2d 754, 760 (2d Cir. 1981). However, "it is settled that an appellant cannot circumvent the one year limitation by invoking the residual clause (6) of Rule 60(b)." *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir.1972). It appears that by the March 29, 1984 motion Smith was attempting to avoid the one-year limitation period under clause (1) by also seeking relief under clause (6). Since this is disallowed, we cannot say that the district court abused its discretion in not considering the March 29, 1984 motion as a timely and proper motion under Rule 60(b)(6).

Finally, we do not find the existence of extraordinary circumstances which would support the granting of relief under Rule 60(b)(6). *See, Ackerman v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950); *Steinhoff,* 698 F.2d at 276.

Accordingly, we AFFIRM the judgment of the district court.