835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley ZOLDAN, Plaintiff-Appellant,
v.
VILLAGE OF LORDSTOWN, OHIO, et al., Defendants-Appellees.
 No. 86-4070.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1987.
 
 Before RALPH B. GUY, DAVID A. NELSON and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The United States District Court for the Northern District of Ohio denied post-judgment motions in which plaintiff Zoldan sought relief from judgment, attorney fees, and discovery. The motion for relief from judgment was denied as untimely; the other motions were denied without comment. Finding no abuse of discretion, we shall affirm the denial of all the motions.
 
 
 2
 * Zoldan operates a towing service in the Village of Lordstown, Ohio. Before 1978 the Lordstown police occasionally engaged him to tow disabled or impounded automobiles; in 1978 the police stopped requesting his services. Zoldan initiated this action against the mayor and others in 1981, contending that the decision to deny him towing opportunities was arbitrary and capricious and thus violated the Equal Protection Clause of the Fourteenth Amendment. He also contended that the decision was the product of a conspiracy that violated 42 U.S.C. Sec. 1985(3). Zoldan subsequently filed an amended complaint naming newly elected officials of the village as defendants and setting forth a claim based on an alleged conspiracy in restraint of trade under Sec. 1 of the Sherman Act, 15 U.S.C. Sec. 1. Both complaints sought an injunction that would assure Zoldan a share of the village's towing business. On January 31, 1985, the district court granted summary judgment for the defendants.
 
 
 3
 Zoldan retained his current attorney in September of 1985. That attorney represents that he was unable to attend to Zoldan's case immediately because he was involved in other lawsuits. Late in November of 1985, the attorney had an in-depth interview with Zoldan. The attorney reviewed the district court case file on December 23, 1985, and contacted Zoldan's former attorneys the next day. The matters at issue here were first brought to the attention of the district court on January 31, 1986, when Zoldan moved for relief from judgment under Rule 60, Fed.R.Civ.P., and for attorney fees under 42 U.S.C. Sec. 1988. In a brief filed subsequently, Zoldan contended that he needed discovery from his former attorneys in order fully to develop his arguments in support of the motion for relief from judgment.
 
 
 4
 Invoking Rule 60(b)(1) and (b)(6), Fed.R.Civ.P., Zoldan contended that after the judgment there was a breakdown of the representation by his former counsel; this was said to constitute excusable neglect and to justify relief from the judgment. Invoking Rule 60(b)(3), Zoldan contended that the defendants' failure to comply with a discovery request pending at the time of the judgment constituted fraud or misconduct by an adverse party. The district court denied the Rule 60 motion on the grounds that it was untimely, and the court denied Zoldan's request for discovery without comment.
 
 
 5
 In the motion for attorney fees, Zoldan contended that his lawsuit was the catalyst that caused the defendants to take the actions he wanted them to take. The district court denied the motion for attorney fees without comment.
 
 
 6
 After these motions had been denied, Zoldan moved for reconsideration under Fed.R.Civ.P. 59(e). He argued that the decision on timeliness ought to be set aside because the delay had been caused by an extensive investigation that counsel undertook in order to avoid Rule 11 sanctions. Zoldan made no new arguments as to attorney fees. The district court declined to reconsider its rulings.
 
 II
 
 7
 Rule 60(b) provides, in pertinent part, that
 
 
 8
 "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."
 
 
 9
 The reasonable time standard applies to all subsections of Rule 60(b), and we will not disturb a district court's decision under Rule 60(b) unless the decision represents an abuse of that court's sound discretion. Smith v. Secretary of Health & Human Services, 776 F.2d 1330, 1332-33 (6th Cir.1985).
 
 
 10
 The motions in the instant case were filed a full year after judgment, and the reasons asserted for the delay lack merit. The district court found that Zoldan had experience with litigation and recognized the need to act expeditiously, yet Zoldan did not contact an attorney until September of 1985, approximately seven months after judgment was entered. Another five months passed before the motions were filed. The explanations proffered for the second period of delay are not persuasive. Counsel did not review the court file until November, approximately two months after he had been retained, and he waited three months before contacting his predecessor. In light of these facts, we can find no abuse of discretion on the part of the district court.
 
 
 11
 Zoldan's request for discovery was tied to the merits of the request for relief from judgment. Because the district court found the request for relief untimely, it properly denied discovery.
 
 
 12
 Zoldan's request for attorney fees is frivolous. There has been no showing of record that the lawsuit was a catalyst of any kind. The village still does not refer towing jobs to Zoldan, and the district court did not abuse its discretion in denying his request for attorney fees.
 
 
 13
 AFFIRMED.