836 F.2d 1348
 1987-2 Trade Cases 67,827
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
R.B. PHARMACY, INC. d/b/a Bonn Drug, Plaintiff,
Savmor Supermarkets, Plaintiff-Class Member Appellant,
v.
HAWTHORN MELLODY, INC.; Hillside Dairy Company; Dolores
Riley; and HM Liquidating, Inc., Defendants-Appellees.
 No. 86-3710.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1988.
 
 Before LIVELY, Chief Judge, CORNELIA G. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Savmor Supermarkets (Savmor) appeals the District Court's denial of a motion for relief from judgment made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The underlying antitrust class action charging the defendants with price fixing was settled through the creation of a fund to pay those harmed by the alleged price fixing. Savmor, although it received notice of the proposed settlement, failed to timely file its claim form with the Clerk as required by the court. The settlement fund was disbursed to the claimants and the balance returned to appellees before Savmor discovered its failure to file. The circumstances of this failure are in dispute. The District Court found that they did not constitute "excusable neglect" under Rule 60(b)(1), and that no other provision of the Rule applied either. We believe that the District Court did not abuse its discretion in so finding, and we affirm.
 
 
 2
 The proposed settlement followed extensive proceedings and involved the creation of a settlement fund by appellee. Possible members of the plaintiff class were provided notice of the proposed settlement and a "Proof of Claim" form that was to be used to determine the share of the settlement fund to which the particular plaintiff was entitled.[1] The form indicated that it was to be returned to the Clerk of Court, and gave the address at the United States District Court. Savmor, a member of the plaintiff class, received the notice and the "Proof of Claim" form, but it did not return it to the Clerk. Instead, according to Savmor, it sent it to the attorneys for the plaintiff class, at the alleged request of William Greene, one of the attorneys. Greene denied ever so requesting, and also denied ever receiving the form, which he testified he would have properly filed with the District Court if he had received it.
 
 
 3
 Subsequently, representatives of Savmor spoke to Greene to ask him about the progress of the settlement. They never asked him if he had received their claim form. The District Court found that they simply assumed he had received and filed it, while he assumed that Savmor had properly sent the form to the District Court, and was inquiring into the status of the case generally. Savmor does not claim that Greene was negligent, but rather that its failure to file its claim with the Clerk was the result of an honest misunderstanding.
 
 
 4
 When the settlement was finalized and the claims of the various plaintiffs approved, Savmor did not participate. Each participating claimant received payment,[2] and an excess of approximately $49,000 was returned to the defendants. Savmor initially asked that it receive its pro rata share from the fund. Alternatively, it asked that it receive only the excess; on appeal it claims only this excess.
 
 
 5
 The standard of review of denial of a Rule 60(b) motion is whether the District Court abused its discretion, Marshall v. Monroe & Sons, Inc., 615 F.2d 1156 (6th Cir.1980), in refusing to afford the relief requested. The District Court considered Savmor's contention that, since its failure to participate in the settlement was in no way willful, the judgment ought to be partially set aside. After careful consideration, involving a balancing of the equities and the desirability of the finality of judgments, the District Judge decided that Savmor had not met the requirements of Rule 60(b). He reasoned that the defendants had been entitled to rely on the judgment in disposing of the $49,000. The fact that one late claim was allowed (before the final distribution), which Savmor invokes as precedent for its own inclusion, was seen by the District Judge as an indication of the good faith of defendants in setting their obligations. He found that Savmor should have done one of two things to preserve its claims.
 
 
 6
 First, it could follow the instructions applicable to all claimants and file its claim with the office of the Clerk of Courts. This admittedly, was not done. Second, it could have mailed the claim forms to Mr. Greene and have taken steps to assure delivery of those documents. Savmor contends that this step was perfected but the court is of the opinion that proof of this allegation is not persuasive.
 
 
 7
 There simply is no clear evidence that the forms were mailed in the manner asserted. No return receipt was returned; no check or trace was made to assure the fact of delivery; no conversation specifically relating to Greene's receipt of the claim forms took place.
 
 
 8
 Joint Appendix at 61-62.
 
 
 9
 The District Court considered separately Savmor's contentions under several subsections of Rule 60(b). It found that 60(b)(1), "excusable neglect," was the only appropriate section.
 
 
 10
 Savmor's justification for its action is that the representatives of Savmor, which is really a "consolidated buying group" consisting of individual stores, were confused as to how its claim should be filed because of its peculiar status.[3] Phoning the class attorney for classification seems quite reasonable. But the District Court was justified in concluding that the failure to follow up--even if Greene did tell Savmor's representatives to send him the claim form--was not. Although Savmor claims it relied on the reassurances of the class attorney, these reassurances admittedly only concerned the status of the settlement process as a whole. Greene, it is conceded, never told Savmor that its claim had been filed. While the nature of a class action requires that particular care be taken that members of the class are fairly represented, there is no allegation here that Greene was negligent or otherwise prejudiced Savmor's rights.
 
 
 11
 Savmor also argues that it was entitled to relief under Rule 60(b)(4) (void judgment), 60(b)(5) (no longer equitable that judgment have prospective application); and 60(b)(6) (any other reason justifying relief). We cannot agree. The judgment is not void within the meaning of the Rule, and there is no "prospective application" involved here, except in the sense that Savmor will continue not to receive money from defendants.
 
 
 12
 As for the catchall 60(b)(6), it requires "extraordinary circumstances," Smith v. Secretary of HHS, 776 F.2d 1330, 1333 (6th Cir.1985) which are clearly not present here, and moreover it is precluded if the claim is also covered, as here, by one of the other clauses of Rule 60(b), id. (citing Steinhoff v. Harris, 698 F.2d 270, 276 (6th Cir.1983)). This claim is properly one under 60(b)(1), and not under 60(b)(6).
 
 
 13
 We are unable to find that the District Court abused its discretion in refusing to reopen the judgment. Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The entitlement was based on the pro rata share of the plaintiffs' total purchases from defendants during the period when defendants had illegally fixed prices. The settlement fund was then divided according to this proportion. This was expected to result in a payment to each plaintiff of 1.2% of gross purchases. In fact, at least in part because of the failure of Savmor to file its claim, the payment amounted to 1.5% of gross purchases
 
 
 [2]
 As noted above, the plaintiffs received a higher proportion of their purchases than originally anticipated
 
 
 [3]
 The group maintained all purchase records, and proposed to submit a single claim form, and then appropriately divide and distribute the settlement to the individual stores