985 F.2d 560
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jogananda HAZRA, Plaintiff-Appellant,
v.
NATIONAL Rx SERVICES, INC., Defendant-Appellee.
 No. 92-3770.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Jogananda Hazra, an Ohio citizen, appeals pro se from a district court order denying his motion filed pursuant to Fed.R.Civ.P. 60(b)(3) and (6), and imposing Fed.R.Civ.P. 11 sanctions in favor of the defendant, in this action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Hazra sought reinstatement, back pay, and punitive damages in this suit, alleging that he had been discharged from his position as a pharmacist on October 30, 1987, on the basis of his age, race, and national origin. The defendant moved for summary judgment, based on evidence that the discharge was due to frequent errors in checking prescriptions in violation of an established policy. The district court granted defendant's motion and subsequently denied Hazra's Federal R.Civ.P. 59(e) motion to alter or amend. This court affirmed the district court's decision in an order filed July 22, 1991. On January 31, 1992, Mr. Hazra filed his motion to vacate judgment pursuant to Fed.R.Civ.P. 60(b)(3) and (6). The defendant filed a motion for sanctions on February 11, 1992. In an order filed June 30, 1992, the district court denied the Rule 60(b) motion and imposed sanctions against Mr. Hazra in the amount of $2,173.75. This timely appeal followed. This court reviews the June 30, 1992, order to determine whether the district court abused its discretion in denying Mr. Hazra relief under Rule 60(b). In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989); Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988).
 
 
 3
 Upon view, we conclude that the district court did not abuse its discretion in denying Mr. Hazra's motion to vacate judgment filed pursuant to Fed.R.Civ.P. 60(b)(3) and (6). Mr. Hazra's Rule 60(b) motion insofar as it alleged fraud was not filed within the time required by the rule. Thus, it was within the district court's considerable discretion to deny relief under this particular subsection.
 
 
 4
 Subsection (b)(6) will be properly invoked in "usual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990) (original emphasis). Not only were no exceptional circumstances presented in this case, but the arguments presented in Mr. Hazra's Rule 60(b) motion have been repeatedly rejected by the district court and this court on appeal. A Rule 60(b) motion must be denied if, as here, it is merely an attempt to relitigate the case. See Mastini v. American Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir.1966), cert. denied, 387 U.S. 933 (1967).
 
 
 5
 The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir.1989). With this standard in mind, our review of the record and briefs leads us to the conclusion that the district court did not abuse its discretion when it imposed sanctions. See Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988). Similarly, we conclude that this appeal is equally frivolous, and that defendant should receive its attorney fees on appeal. 28 U.S.C. § 1912; Fed.R.App. 38; Wrenn v. Gould, 808 F.2d 493, 504 (6th Cir.1987). Accordingly, the defendant may submit a bill for attorney fees within fourteen days of this order.
 
 
 6
 The order denying Mr. Harza relief under Rule 60(b) and awarding attorney fees in favor of the defendant is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.