991 F.2d 798
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer WINTERS, Plaintiff-Appellant,
v.
Richard F. CELESTE, Governor; George Wilson; H.K. Russell;
Dr. G. Martinez; Ohio Department of Rehabilitation &
Correction; Officer E. Russell; Officer McDuffie; Officer
Simpson, Defendants-Appellees.
 No. 92-4189.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 1
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Elmer Winters, an Ohio prisoner who is represented by counsel, appeals an order of the district court denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking solely damages, Winters sued the now former governor of Ohio and several employees of the Ohio penal system. Winters alleged that he was denied "adequate medical care" because defendant Martinez prescribed medicine which resulted in his collapse and the need for emergency medical care.
 
 
 4
 On November 20, 1990, the defendants submitted a motion to dismiss or, in the alternative, a motion for summary judgment. The defendants argued that Winters's complaint was barred by the Eleventh Amendment, that Winters alleged nothing more than a malpractice claim and that Winters based liability on the theory of respondeat superior. The district court granted defendants' motion on March 1, 1991, with judgment entered March 5, 1991.
 
 
 5
 Thereafter, on September 1, 1992, Winters filed his Rule 60(b) motion. The defendants filed a response in opposition arguing that Winter's 60(b) motion was untimely and meritless. In an order filed October 5, 1992, the district court denied Winter's 60(b) motion.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in denying Winters's Rule 60(b) motion. In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). To justify relief from the March 5, 1991 judgment, Winters had to demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See Cale v. Johnson, 861 F.2d 943, 947 (6th Cir.1988). In support of his Rule 60(b) motion, Winters claimed that "because he was confined at various institutions and moved from various institutions he was never served with notification that the court had dismissed the case." Fed.R.Civ.P. 5(b) provides that notice may be served by mail, is "complete upon mailing," and is properly made to the party's "last known address." A review of the district court record indicates that notice was mailed to Winters on March 1, 1991, at his last known address. If Winters's address changed, he had an affirmative duty to supply the court with notice of any and all changes in his address. Winters apparently did not comply with his affirmative duty. Since Winters failed to submit grounds upon which relief from judgment could be granted, the district court did not abuse its discretion in denying the Rule 60(b) motion.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation