**JEANNETTE P. ROCHA, Petitioner**

**v.**

**JOSE M.B. ROCHA, Respondent**

High Court of American Samoa
Trial Division

DR No. 74-89

April 29, 1993

Before KRUSE, Chief Justice, TAUANUʻU, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Petitioner, Robert A. Dennison III
For Respondent, Asaua Fuimaono

On Motion for Relief from Judgment:

Respondent, Jose M.B. Rocha, seeks relief from final judgment under T.C.R.C.P. Rule 60(b), on the grounds of "extrinsic fraud." Rule 60(b)(3), however, requires that motions grounded on fraud "*shall* be made within a reasonable time . . . and *not more than one year after judgment*." (Emphasis added.) The motion here was not made within one year and is therefore untimely.

Alternatively, plaintiff moves under Rule 60(b)(6), which provides for relief for "any other ground justifying relief from the operation of judgment." Subsection (6) motions are subject to a "reasonable time" limitation. Notwithstanding, respondent is not entitled to relief hereunder, since Rule 60(b)(6) and Rule 60(b)(3) are mutually exclusive. *Taulaga v. Patea*, 12 A.S.R.2d 64, 65-66 (1989). That is, the claimed grounds for Rule 60(b)(6) relief must not also fall under subsections (1)-(5). *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Davidson v. Dixon*, 386 F. Supp. 482, 493 n.2 (D. Del. 1974), *aff'd without opinion* 529 F.2d 511 (3d Cir. 1975); *Stradley v. Cortez*, 518 F.2d 488, 494 (3d Cir. 1975). *See also Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1332-33 (6th Cir. 1985) (because "[i]t has been suggested" that Rule 60(b)(6) only applies when (1)-(5) do not, the court did not abuse its discretion in denying relief).

For the reasons given, the motion is DENIED.

It is so ordered.