996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Anthony BARNES, Plaintiff-Appellant,
v.
John C. SCOTT, Clerk, Defendant-Appellee.
 No. 92-6705.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael Anthony Barnes, a Kentucky prisoner, appeals pro se from a district court order denying his motion filed pursuant to Fed.R.Civ.P. 60(b), in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Barnes originally filed a § 1983 civil rights action in which he essentially claimed that his First Amendment right of access to the courts had been violated because an appellate brief and subsequent motions for discretionary review were returned to him unfiled by the Kentucky Court of Appeals and the Supreme Court of Kentucky, respectively. The sole defendant named in the original complaint was John C. Scott, Clerk of the Kentucky Court of Appeals. The matter was referred to a magistrate judge who issued a report on March 11, 1992, recommending that defendant Scott be dismissed with regard to the rejection of the appellate brief because the order in question had the name of Kentucky Court of Appeals Chief Judge Charles B. Lester typed above the signature line. Thus, as court clerks are immune from action taken pursuant to a judge's order, defendant Scott could not be held liable.
 
 
 3
 Barnes filed timely objections to the March 11, 1992, report and recommendation and at that time also tendered an amended complaint, for which leave to file same was granted by the district court in an order dated March 31, 1992. In the amended complaint, Barnes sought to add as defendants Hon. Charles B. Lester, Chief Judge, Kentucky Court of Appeals; Boyle County Circuit Judge Stephen M. Shewmaker; and Deputy Clerk Henrietta Evans. Barnes also sought in the amended complaint an injunction to require the Kentucky Court of Appeals to accept the appellate brief Barnes attempted to submit and require that court to consider Barnes's underlying claims regarding good time credit accumulation.
 
 
 4
 The matter was again referred to a magistrate judge who issued a report on July 31, 1992, recommending dismissal of the amended complaint based on the theories of proximate cause, judicial immunity, insufficiency of the pleadings, and avoidance of conflict with Kentucky's administration of its affairs. Barnes again filed timely objections to the July 31, 1992, report and recommendation. In an order dated August 24, 1992, the district court adopted the report and recommendation and dismissed the action.
 
 
 5
 Thereafter, Barnes filed his motion for further relief pursuant to Fed.R.Civ.P. 60(b). The magistrate judge concluded that the Rule 60(b) motion lacked merit and recommended that the motion be denied. Despite Barnes's timely objections, the district court adopted the magistrate judge's report and recommendation and denied the motion in an order filed December 2, 1992.
 
 
 6
 This court reviews the December 2, 1992, order to determine whether the district court abused its discretion in denying Barnes relief under Rule 60(b). In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989); Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988).
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in denying Barnes's Rule 60(b) motion. Absolute immunity clearly bars any action for damages against the judicial officials sued here. See Morrison v. Lipscomb, 877 F.2d 463, 465 (6th Cir.1989). Moreover, federal courts cannot order injunctive relief against state officials based on state law. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 120-21 (1984).
 
 
 8
 Even if a mistake within the meaning of Rule 60(b) was made, Barnes failed to show that he had a meritorious underlying claim. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). In fact, Barnes was able to exhaust his state court remedies and have a federal habeas corpus petition addressing his underlying claim reviewed on the merits.
 
 
 9
 The district court did not abuse its discretion insofar as it denied Barnes relief under the "catch-all" subsection (6) of Rule 60(b). See McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383-84 (6th Cir.1991); Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir.1990). No exceptional or extraordinary circumstances exist in the instant case. The denial of Barnes's habeas corpus claims cannot be viewed as a deprivation of his right of access to the courts.
 
 
 10
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.