9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee Roy B. BOSTIC, Jr., Petitioner-Appellant,
v.
G.E. HURST; Bill Wunderle; Jerry W. Williford,
Respondents-Appellees.
 No. 93-5549.
 United States Court of Appeals, Sixth Circuit.
 Oct. 27, 1993.
 
 1
 Before: NORRIS and SILER, Circuit Judges, and HEYBURN, District Judge.*
 
 ORDER
 
 2
 Lee Roy B. Bostic, Jr., a federal prisoner presently confined at the Federal Correctional Institution (FCI) in Terre Haute, Indiana, appeals from a district court order denying his motion filed pursuant to Fed.R.Civ.P. 60(b). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On June 19, 1990, Bostic filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241 while he was an inmate at the FCI in Memphis, Tennessee. His petition sought review and revocation of a Bureau of Prisons disciplinary proceeding in which he was sanctioned for assaulting another inmate while at the FCI in Marianna, Florida. Bostic alleged that he had been denied due process during the hearing procedures. The district court dismissed the petition for failure to exhaust the administrative remedies established by the Bureau of Prisons. An order denying Bostic's motion for reconsideration was entered on December 10, 1990. On July 31, 1991, the district court's dismissal of the habeas petition was affirmed by the Sixth Circuit. See Bostic v. Clark, No. 91-5083 (6th Cir. July 31, 1991) (unpublished).
 
 
 4
 On March 3, 1993, Bostic filed a motion styled "Motion To Reopen And/Or Change Venue Of Sec. 2241 Petition For Habeas Corpus." The motion requested the district court to reopen the case and transfer it to the Northern District of Florida to be consolidated with a Bivens action Bostic allegedly had pending in that court. Construing the motion as a Fed.R.Civ.P. 60(b) motion for relief from judgment, the district court denied relief in an order entered March 4, 1993.
 
 
 5
 On appeal, Bostic argues that the district court abused its discretion in denying his Rule 60(b) motion. He also questions: 1) whether he was required to exhaust his administrative remedies from both disciplinary hearings that arose from the same incident; and 2) whether the Sixth Circuit erred in not applying the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), regarding a petition for rehearing and rehearing en banc during his appeal from the order of dismissal in the underlying case.
 
 
 6
 Initially, we note that the additional issues asserted in Bostic's appellate brief are not reviewable. Issue one above was not asserted in the district court. Unless exceptional circumstances are present, this court normally will not address an issue not raised for the first time in the district court. See Meade v. Pension Appeals and Review Committee, 966 F.2d 190, 194 (6th Cir.1992); Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). No exceptional circumstances are present that warrant addressing issue one. As to issue two above, mandate was issued in the prior case (No. 91-5083) on September 4, 1991. Thus, issue two above is not reviewable as the prior case is closed.
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion in denying Bostic's Rule 60(b) motion. In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam).
 
 
 8
 As stated previously, Bostic's Rule 60(b) motion requested the district court to reopen the case and transfer it to the Northern District of Florida to be consolidated with a Bivens action Bostic allegedly had pending in that court. Bostic does not seek relief from judgment under clauses one through five of Fed.R.Civ.P. 60(b). His motion, therefore, is categorized as seeking relief from judgment under the "catch-all" subsection (6) of Rule 60(b). However, the residual clause contained in Rule 60(b)(6) may afford relief only in exceptional circumstances. See Olle v. Henry & Wright Corp., 910 F.2d 357, 365-66 (6th Cir.1990).
 
 
 9
 As correctly stated by the district court, jurisdiction no longer existed over Bostic or his custodian. A federal prisoner seeking to attack the execution of his sentence by challenging the computation of his parole or sentencing credit must do so by filing a Sec. 2241 petition for a writ of habeas corpus in the district court having jurisdiction over his custodian. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991); Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Bostic's habeas petition had been dismissed, and any future petition had to be filed in the district in which he was currently confined. Also, as correctly pointed out by the district court, transfer of the habeas petition to the Northern District of Florida would have been improper because that court also lacked jurisdiction over the FCI Terre Haute warden. Lastly, Bostic exhausted his administrative remedies regarding the hearing officer's decision entered after the remand from the Regional Office. Consequently, the district court was within its considerable discretion in denying Bostic's Rule 60(b) motion.
 
 
 10
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John G. Heyburn II, U.S. District Judge for the Western District of Kentucky, sitting by designation