19 F.3d 19
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oliver Ray MOORE, Plaintiff-Appellant,
v.
MEMBER DATA; Defendant-Appellee, TRAVELERS EXPRESS, Defendant.
 No. 93-5647.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1994.
 
 1
 Before: NELSON and NORRIS, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 Oliver Ray Moore appeals a district court order denying his motion for relief from judgment filed under Fed.R.Civ.P. 60(b)(3), in this action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Moore sought reinstatement and damages in this suit alleging that he had been discharged on the basis of his race from his position as an Installation Specialist with the defendant corporation. On June 28, 1990, Moore filed an amended complaint seeking to add Travelers Express Company, Inc. (Travelers Express), and Custom Computer Application, Inc. (CCA), as defendants. On July 9, 1990, the district court entered an order allowing the amendment. The district court subsequently dismissed Travelers Express and CCA in an order entered January 18, 1991.
 
 
 4
 On June 28, 1991, the defendant moved for summary judgment, based on evidence that the discharge was because: 1) Moore never demonstrated technical competence with the computer software and hardware he was installing, 2) every customer credit union where he worked complained about his performance, 3) his co-workers had asked that they not be assigned to work with him, and 4) he disobeyed direct instructions and caused serious administrative problems. The district court granted defendant's motion in an order filed August 10, 1992; judgment was entered August 17, 1992.
 
 
 5
 On August 17, 1992, Moore filed his motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(3) on the basis that discovery was not complete and summary judgment was, therefore, inappropriate. The district court denied the motion in an order entered April 5, 1993. This timely appeal followed.
 
 
 6
 This court reviews the April 5, 1993, order to determine whether the district court abused its discretion in denying Moore relief under Rule 60(b). In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). The underlying judgment is not reviewed. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. See In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989); Schrand v. Federal Pac. Elec. Co., 851 F.2d 152, 156-57 (6th Cir.1988).
 
 
 7
 Upon review, we conclude that the district court did not abuse its discretion by denying Moore's motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(3). Moore's 60(b)(3) motion alleged facts similar to previous claims that the defendant failed to comply with discovery requests; nothing new was asserted. A magistrate judge determined on January 27, 1992, that Moore "ha[d] all the discovery materials requested that can be produced by the defendant," and denied all motions challenging the completeness of discovery. The findings of the magistrate judge were adopted by order of the district court entered February 28, 1992, and each of Moore's exceptions to the magistrate judge's order was denied. A Rule 60(b) motion must be denied if it is merely an attempt to relitigate previously decided issues. See Mastini v. American Tel. & Tel. Co., 369 F.2d 378, 379 (2d Cir.1966), cert. denied, 387 U.S. 933 (1967). The district court was well satisfied, in the first instance, that discovery was complete. Because Moore did not offer any new grounds to justify relief but sought only to relitigate issues already decided, the district court acted within its considerable discretion by denying relief.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation