**Arthur BOATNER, III, Plaintiff–Appellant,**

v.

**William HENDERSON, Postmaster General, Defendant–Appellee.**

No. 00–6143.

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before COLE and GILMAN, Circuit Judges, ALDRICH, District Judge.*

*ORDER*

Arthur Boatner, III, a Tennessee resident proceeding pro se, appeals a district court order denying his motion for reconsideration in this wrongful termination and employment discrimination case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Boatner sued the United States Postal Service on November 12, 1998. Boatner, a former postal worker, alleged that he had been wrongfully terminated from his em-

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

ployment in retaliation for filing a worker's compensation claim and because of his disability and his race. In an order entered December 10, 1998, the district court directed the clerk to record the defendant as William J. Henderson, Postmaster General, granted Boatner in forma pauperis status, and dismissed the complaint as frivolous and for failure to state a claim because it was not timely filed. *See* 28 U.S.C. § 1915(e)(2)(B)(i). This court affirmed the district court's decision on appeal. *Boatner v. Henderson,* No. 99–5068, 1999 WL 1023742 (6th Cir. Nov. 4, 1999). Boatner filed a "Motion for Reconsideration And/Or to Alter Judgment Pursuant to Rule 60(b) And/Or Motion to Reopen Case" on January 27, 2000. The district court denied the motion, and this appeal followed.

In his timely appeal, Boatner argues that the district court abused its discretion because the court did not consider the new evidence and information he presented.

This court reviews the denial of Rule 60(b) motions for an abuse of discretion. *See Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998); *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). Boatner did not specify which provision of Fed.R.Civ.P. 60(b) he intended to invoke. Because his motion suggests that he had evidence explaining his delay in filing his complaint, it will be analyzed under Fed. R.Civ.P. 60(b)(1) (excusable neglect), (b)(2) (newly discovered evidence), and (b)(6) (any other reason justifying relief).

Upon review, we conclude that the district court did not abuse its discretion by denying Boatner's Rule 60(b) motion. First, Boatner's motion was untimely with respect to Rule 60(b)(1) and (2). Motions brought under Rule 60(b)(1), (2), and (3) must be brought within one year of the judgment or order. Fed.R.Civ.P. 60(b); *Smith v. Sec'y of Health and Human Servs.,* 776 F.2d 1330, 1332–33 & n. 1 (6th Cir.1985). The order dismissing Boatner's case was entered December 10, 1998, and Boatner did not file his Rule 60 motion until January 27, 2000.

Second, Boatner did not present adequate reasons to grant relief from judgment under Rule 60(b)(6). The district court construed Boatner's November 12, 1998, district court complaint as seeking review of a mixed claim alleging both racial discrimination and wrongful termination. The court found it untimely because Boatner filed it more than thirty days after a Merit Systems Protection Board's ("MSPB") April 8, 1998, decision denying Boatner relief. *See* 5 U.S.C. § 7703(b)(2); *Washington v. Garrett,* 10 F.3d 1421, 1437 (9th Cir.1993). In his Rule 60 motion, Boatner argued that the district court erred because the court did not construe his pro se complaint liberally, did not permit him to amend his complaint, and ignored his motion for appointment of counsel. Boatner also suggested that his delay in bringing his federal suit was due to his stress and his efforts to obtain counsel. Neither an amended complaint nor the appointment of counsel could have saved Boatner's claim because it was untimely when filed. Moreover, equitable tolling does not apply to review of MSPB claims under 5 U.S.C. § 7703(b)(2). *See Johnson v. United States Postal Serv.,* 64 F.3d 233, 238 (6th Cir.1995). Therefore, Boatner did not demonstrate that this is a case where principles of equity mandate relief under Rule 60(b)(6). *See Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.