UNITED STATES of America, Plaintiff–Appellee,

v.

Robert BRAGGS, Defendant–Appellant.

No. 03–3309.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2003.

William E. Hunt, U.S. Attorney's Office, Southern District of Ohio, Cincinnati, OH, for Plaintiff–Appellee.

Robert Braggs, pro se, Ashland, KY, for Defendant–Appellant.

Before NELSON, CLAY, and COOK, Circuit Judges.

### ORDER

Robert Braggs appeals pro se from a district court order that denied his motion to modify a previous judgment. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argu-ment is not needed in this case. Fed. R.App. P. 34(a).

In 1992, Braggs was convicted of con-spiring to distribute cocaine and cocaine base and of possessing cocaine and cocaine base for intended distribution. He was sentenced to 240 months of imprisonment, and that sentence was affirmed on direct appeal.

In 1995, Braggs moved to vacate his sentence under 28 U.S.C. § 2255, and the district court's denial of that motion was also affirmed. In addition, he has filed at least two unsuccessful habeas corpus peti-tions under 28 U.S.C. § 2241, and several unsuccessful applications for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244.

In 2000, Braggs moved to stay his post-conviction proceedings until he could ob-tain counsel. This motion was denied on February 1, 2000, because the case had already been transferred to our court for consideration under § 2244. *See In re Sims*, 111 F.3d 45, 47 (6th Cir.1997). The district court also directed its clerk not to accept any further pleadings in the matter unless their filing was authorized by our court under § 2244.

In 2002, Braggs moved to modify the district court's order of February 1, 2000, seeking to limit the order to future plead-ings that he might file under § 2255. Braggs also sought leave to file an objec-tion to the 1992 enhancement of his federal sentence based on a prior state drug con-viction. *See* 21 U.S.C. § 851(c)(2). The district court denied this motion on May 23, 2002, and Braggs now appeals. He has moved for pauper status, for counsel, and for bail during this appeal.

█ Braggs's motion to modify the dis-trict court's order is properly construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). We review the denial

of a such a motion for an abuse of discretion. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review. *Id.*

The district court did not abuse its discretion here because Braggs's motion was not filed within the one-year limitations period that applies to the first three clauses of Rule 60(b). *See Smith v. Secretary of Health and Human Servs.,* 776 F.2d 1330, 1332–33 & n. 1 (6th Cir.1985). Moreover, he did not allege any of the grounds for relief that are pertinent to Rule 60(b)(4) or 60(b)(5). The only remaining clause is Rule 60(b)(6), which involves "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) is of no help to Braggs, as he has alleged a mistake of law within the meaning of Rule 60(b)(1) and his motion is untimely under the one-year limitations period that applies to that clause. *See id.* Nevertheless, we note that there are no compelling equitable reasons for granting him relief.

Braggs now argues that 21 U.S.C. § 851(c)(2) provides an independent statutory basis for challenging his prior state conviction. This argument fails because Braggs plainly seeks to challenge the legality of his federal sentence and he has not shown that § 2255 provides an inadequate or ineffective remedy for his claim. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed and all pending motions are denied as moot. Rule 34(j)(2)(C), Rules of the Sixth Circuit.