NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0065n.06
Filed: January 26, 2007

No. 05-4143

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PRENTICE RUCKER, JR., | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| JOHN E. POTTER, POSTMASTER | ) | |
| GENERAL, | ) | O P I N I O N |
| | ) | |
| *Defendant-Appellee.* | ) | |

BEFORE: COLE, MCKEAGUE, Circuit Judges; BREEN, District Judge.[*]

**J. DANIEL BREEN, District Judge.** Plaintiff-Appellant, Prentice Rucker, Jr., appeals the district court's order granting dismissal in favor of the Defendant, John E. Potter, Postmaster General. The district court held that Rucker's pro se complaint alleging workplace discrimination was frivolous. We **AFFIRM**.

### I. BACKGROUND

#### A. Facts

Rucker was employed by the United States Postal Service ("USPS") as a carrier at the Cleveland, Ohio post office until his resignation on July 6, 2004. He filed an internal administrative

---

[*]The Honorable J. Daniel Breen, United States District Judge for the Western District of Tennessee, sitting by designation.

1

equal employment opportunity ("EEO") claim August 23, 2004 alleging that (1) he was the victim of a barrage of disciplinary actions from October 20, 2003 through June 2004, ultimately culminating in his resignation; (2) USPS management tampered with his mail for a four-day period ending December 4, 2003; and (3) he was scheduled to return to work from an emergency placement on November 8, 2003, the date of his father's burial. Because these assertions were made outside the 45-day period within which an aggrieved person may initiate an administrative action pursuant to 29 C.F.R. § 1614.105(a)(1), the claims were rejected as untimely. Rucker also averred that he was not paid monies owed to him under an arbitration award and union settlement dated January 27, 2004. These funds were awarded through an internal grievance process separate from the EEO procedure. This claim was also denied, on the grounds that it constituted an inappropriate collateral attack on the outcome of a proceeding in another forum. The administrative determination, mailed to Rucker on January 13, 2005, advised that, if he was "dissatisfied with the final agency decision, [he] may file a civil action in an appropriate U.S. District Court within 90 calendar days of [his] receipt" of the decision.

### B. Prior Litigation

On May 11, 2005, a pro se complaint was filed by Rucker in the United States District Court for the Northern District of Ohio, alleging in its entirety as follows:

> I am filing a complaint of discrimination in the workplace by the U.S. Postal Service. My claim is based on Race, Religion, Age and etc. The bombardment of discriminatory action by management at Station B began in Oct. of 2003 until June of 2004. The actions of management and others that conspired with them caused me to resign on July 6, [2004].

Attached to the pleading were copies of approximately 30 documents, none of which were referenced in the complaint.

2

The district court granted Rucker's motion to proceed in forma pauperis and dismissed his complaint as frivolous pursuant to 28 U.S.C. § 1915(e). This timely appeal followed.

## II. ANALYSIS

### A.      Standard of Review

This court reviews de novo a district court's order dismissing a complaint as frivolous under § 1915(e). Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000) (citing McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). Although filings by pro se litigants are to be liberally construed, Owens v. Keeling, 461 F.3d 763, 776 (6th Cir. 2006), § 1915(e)(2) requires the court to dismiss a case upon a determination that the complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from the relief sought. 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citation omitted).

### B.      Discussion

Federal employees who believe they have suffered discrimination must consult an EEO counselor "prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). The employee may file a civil suit in federal court within 90 days of receipt of notice of final action by the agency on his complaint. 42 U.S.C. § 2000e-16(c). Because it is not jurisdictional, this requirement, similar to a statute of limitations, is subject to waiver, estoppel and equitable tolling. Seay v. Tenn. Valley Auth., 339 F.3d 454, 469 (6th Cir. 2003); Truitt v. County of

3

Wayne, 148 F.3d 644, 646-47 (6th Cir. 1998) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)). Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989).

The agency's final decision in this matter was sent, according to the certificate of service appended to the determination, to Rucker's post office box on January 13, 2005 by certified mail. The record before this court is unclear[1] whether the EEO decision was received by Rucker and, if so, when. Rucker argues on appeal that the date of receipt is necessary to determine whether he is entitled to equitable tolling and that an evidentiary hearing should have been conducted in order to obtain that information. However, there is a rebuttable presumption that mail is received by the person to whom it is addressed and that the 90-day limit commences five days after the right to sue letter is mailed. See Banks v. Rockwell Int'l N. Am. Aircraft Operations, 855 F.2d 324, 325-26 (6th Cir. 1988); Cook v. Providence Hosp., 820 F.2d 176, 179 n.3 (6th Cir. 1987); Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474-75 (6th Cir. 1986). The presumption may be rebutted with proof by the claimant that he did not in fact receive notification within that period. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557-58 (6th Cir. 2000). The 90-day period, plus five days, expired on April 18, 2005. Rucker has not presented any evidence that notice of the decision was not received within that period. Nor has he offered any basis for a finding that this is the type of compelling case to which application of equitable tolling is appropriate. Accordingly, the

---

[1]Although the record includes a copy of a certified mail receipt indicating that Rucker signed for the notice letter on January 29, 2005, he continued to argue through counsel in oral argument before this court that it was not received.

4

district court properly dismissed the complaint filed May 11, 2005, as untimely.[2]  See Arredondo v. Brushwellman, Inc., No. 99-3361, 1999 WL 1253077, at *1 (6th Cir. Dec. 17, 1999) (district court's dismissal as frivolous under § 1915(e) proper where plaintiff's complaint filed outside 90-day limitation set forth in Title VII).

Finally, although Rucker argues that the district court should have permitted him to amend his complaint, the contention is without merit.  Section 1915(e)(2) requires the court to screen and dismiss complaints "even before . . . the individual has had an opportunity to amend the complaint." McGore, 114 F.3d at 608-09.  Regardless of the district court's failure to grant the request, an amended complaint cannot salvage an untimely claim.  Boatner v. Henderson, 7 F.App'x 367, 368 (6th Cir. 2001).

### III.  CONCLUSION

Based on the foregoing, the judgment of the district court is **AFFIRMED**.

---

[2]The district court also held that, in addition to being untimely filed, the complaint fell below the standards set forth in Fed. R. Civ. P. 8, which requires "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  However, based on this court's conclusion that the suit was untimely, it need not address Rucker's assignment of error with respect to the sufficiency of the complaint.